**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SAMUEL CALDWELL**
**ADC #141030** **PLAINTIFF**

**V.** **NO. 4:26-cv-654-JM-ERE**

**ESTELLA BLAND, *et al.*** **DEFENDANTS**

# ORDER

*Pro se* plaintiff Samuel Caldwell, an Arkansas Division of Correction inmate, claims that Defendants demonstrated deliberate indifference to his serious medical needs in violation of the Eighth Amendment. *Doc. 2*. On July 29, 2026, Defendants filed an answer to the compliant (*Doc. 5*), and on August 3, I entered a scheduling order that stays all merits-related discovery until any exhaustion issues are resolved. *Doc. 3*. On August 6, Mr. Caldwell filed a motion labeled, "motion for summary judgment and TRO in response to Defendant's answer." *Doc. 7*. Inconsistent with the title of his motion, Mr. Caldwell: (1) offers copies of grievances and medical records to "further solidify" his allegations; (2) requests medical records, kiosk requests, off-site medical records, and all medical grievances; and (3) requests that Wellpath, the ADC's contract medical provider, be added as a defendant. *Id. at 1*. For reasons that follow, Mr. Caldwell's motion is denied.

## I. The Motion is Mislabeled

Mr. Caldwell's motion labeled as a motion for summary judgment and motion for TRO seeks neither form of relief and presents only nondispositive issues.

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judgment is mandated only "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322 (emphasis added).

At this early stage in the case, merits discovery has not begun. In addition, Mr. Caldwell, who bears the burden of persuasion to prove each element of his Eighth Amendment claims,[1] does not contend that documents submitted with his motion mandate judgment in his favor. He only requests that the documents "be entered and considered for purposes to further solidify" his allegations. *Doc. 7 at 1*. Mr. Caldwell also fails to provide a brief in support of his motion and a statement of undisputed

[1] "A moving party bearing the burden of persuasion at trial must support its motion [for summary judgment] with evidence that would entitle it to a directed verdict if not controverted at trial." *Firemen's Fund Ins. Co. v. Thien*, 8 F.3d 1307, 1310 (8th Cir. 1993).

facts, both of which are required by this Court's Local Rules. Local Rules 7.2 (a) and 56.1.

Finally, contrary to the title of his motion, Mr. Caldwell *does not* seek injunctive relief; nor does he present grounds for such relief.[2]

## II. Discovery Requests

At this time, all merits-based discovery is stayed. *Doc. 6*. In addition, as I previously explained, discovery requests are not to be filed with the Court. *Doc. 3 at 2*. Rather, those should be filed directly on counsel for Defendants, Kynda Almefty, Harden, Jessen & Terry, PLC, 1401 West Capitol Avenue, Suite 190, Little Rock, Arkansas 72201. In sum, Mr. Caldwell's discovery requests are both premature and directed to the wrong person.

## III. Motion to Add Wellpath LLC as a Party Defendant

Mr. Caldwell asks the Court to add Wellpath as a party defendant. He refers to paragraph twenty-two of the answer, which states that Defendants reserve "all third-party claims, which may be appropriate." *Doc. 5 at 4*. Mr. Caldwell states: "I can only assume . . . 3rd party refers to Wellpath so I request [they] be added as

---

[2] The burden of establishing the propriety of an injunction, whether a TRO or a preliminary injunction, is on the movant, who must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of relief; (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 112 (8th Cir. 1981).

defendants as they are using a corporate lawyer to defend all [parties] as a group." *Doc. 7 at 1*.

Mr. Caldwell does not request to amend his complaint to add a claim against Wellpath.[3] Consequently, there is no basis for joining Wellpath as a party defendant.

## V. Conclusion

IT IS THEREFORE ORDERED THAT Mr. Caldwell's motion (*Doc. 7*) is DENIED.

So Ordered 7 August 2026.

UNITED STATES MAGISTRATE JUDGE

[3] Wellpath, a private business entity engaged in state action, may be subject to liability under § 1983 only if its own policy, custom, or official action caused Mr. Hall to suffer a constitutional injury. *Sanders v. Sears Roebuck & Co.,* 984 F.2d 972, 975–76 (8th Cir.1993) (applying *Monell* liability rule to private corporations acting under color of state law); see also *Burke v. North Dakota Dept. of Corrs. & Rehab*., 294 F.3d 1043, 1044 (8th Cir. 2002) (reversing dismissal where inmate stated a plausible Eighth Amendment claim by alleging that medical contractor's official treatment protocol damaged his health. Here, Mr. Caldwell alleges no facts indicating that any action on the part of Wellpath (whether a policy, custom, or practice) violated his constitutional rights.